STEPHEN F. HENRY, ESQ.
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOMANI NANTAMBU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, a Delaware corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C13 01456 EMC<br><br>**STIPULATION AND ORDER RE PLAINTIFF'S AMENDED COMPLAINT** |

The parties, through their counsel, stipulate to the filing of an Amended Complaint, attached as Exhibit A.

The parties stipulate that Defendant will not be required to file a further Answer to this Amended Complaint.

The parties further stipulate that Defendant will be permitted to take Plaintiff's deposition with respect to the allegations added to the complaint by this amendment.

Dated: March 3, 2014          STEPHEN F. HENRY, ESQ.

By: /s/Stephen F. Henry_____
STEPHEN F. HENRY
Attorney for Plaintiff

Dated: March 3, 2014          LITTLER MENDELSON, P.C.

By: /s/ Philip A. Simpkins
PHILIP A. SIMPKINS
Attorneys for Defendant OFFICE DEPOT

1   IT IS SO ORDERED:

2   Dated: _____3/10/14_____



Judge Edward M. Chen

EXHIBIT A

**STEPHEN F. HENRY, ESQ.**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@SHenrylaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOMANI NANTAMBU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, a Delaware corporation, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No. C13 01456 EMC<br><br>**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES FOR**<br>1. **Wrongful Termination In Violation of Public Policy**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bomani Nantambu ("Plaintiff"), for causes of action against defendants Office Depot ("Defendant"), and Does One through Fifty, inclusive, alleges in this Complaint for Damages ("Complaint") as follows:

### THE PARTIES

1.      Plaintiff was at all relevant times to this litigation a resident of the County of Alameda.

2.      Defendant Office Depot ("Defendant Office Depot") is a corporation organized and existing pursuant to the laws of the State of Delaware.

3.      Plaintiff is ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Fifty, inclusive and, as a result, sues these defendants by these fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained.  Plaintiff is informed and believes and

1   thereupon alleges that each of the fictitiously named defendants is in some manner responsible

2   for the injuries and damages to Plaintiff alleged in this litigation.

3          4.      Plaintiff is informed and believes and thereupon alleges that at all times relevant

4   to this litigation, defendants, and each of them, were the agents, servants, and employees of their

5   codefendants, and that these defendants, in doing the things mentioned in this Complaint, were

6   acting within the course and scope of their authority as such agents, servants, and employees, and

7   were acting with the permission and consent of their codefendants.

8                              **JURISDICTION AND VENUE**

9          5.      Plaintiff incorporates by reference each of the allegations contained in

10  paragraphs 1 through 4 above.

11         6.      Jurisdiction over the defendant, Office Depot, is predicated on removal by

12  defendant based on diversity jurisdiction. Defendant is present and operating within the

13  jurisdictional limits of the Northern District of California.  Subject matter jurisdiction exists

14  because the amount in dispute exceeds $75,000.

15         7.      Venue is proper because the employment relationship between Plaintiff and

16  Defendant Office Depot that gave rise to some of the claims in this litigation existed within this

17  judicial district and most or all of the acts and omissions complained of in this litigation took

18  place here..

19                              **FACTUAL ALLEGATIONS**

20         8.      On August 31, 2012, Plaintiff was assaulted by an associate, Prakash

21  Chandra, after asking that Mr. Chandra perform a different task.  Plaintiff immediately reported

22  the behavior to Mark Bloom, acting senior manager, and then informed a senior Human

23  Resources manager, Pamela Williams, of the situation.  After receiving no response from Ms.

24  Williams, Plaintiff emailed Ms. Williams a report of the situation and forwarded a copy of that

25  report to Steve Burns.  The next day Mr. Chandra threatened Plaintiff again.  Plaintiff informed

26  Steve Burns and Oscar Solis that he did not feel comfortable with the threatening situation.

27  Subsequently, Plaintiff spoke to Ms. Williams on the phone and Ms. Williams recommended that

28  Mr. Chandra be put on administrative leave.  Steve Burns then contradicted Ms. Williams'

recommendation and told Plaintiff to keep Mr. Chandra at work.  Mr. Chandra continued to act belligerently toward Mr. Nantambu.

9.      In a subsequent meeting, Ms. Williams backtracked on her original recommendation and stated that there was not enough documentation of the incidents to justify disciplinary action against Mr. Chandra.  When Plaintiff disagreed, Ms. Williams reacted negatively.  On September 21, 2012, Oscar Solis and Mike Wagner informed Plaintiff that he was being given a Manager Record of Discussion ("MRD").  The reasons were completely false.  Plaintiff then took a week off and when he returned, on October 2, 2012, Oscar Solis requested a discussion of the MRD and, when Plaintiff requested that Human Resources be present, Mr. Solis informed him that Ms. Williams had refused to attend.  During the subsequent discussion Plaintiff informed Mr. Solis that he felt unsafe with Mr. Chandra and Mr. Solis acknowledged that management had done a poor job of managing the situation.   In a subsequent meeting on October 4, 2012, with Mike Wagner and Oscar Solis, Plaintiff continued to object to the MRD and restated that he felt unsafe with Mr. Chandra, citing examples of aggressive behavior by Mr. Chandra.  Mr. Wagner acknowledged being unaware of the facts recounted by Plaintiff and then told Plaintiff to go home for the night.

10.      On October 5, 2012, Ms. Williams unexpectedly called Plaintiff in to a room to discuss the situation.  In that conversation Ms. Williams denied that Plaintiff had informed her that he felt unsafe with Mr. Chandra.  At this time Ms. Williams were clearly on notice that Plaintiff felt unsafe with Mr. Chandra.  Ms. Williams then accused Plaintiff of failing to fill out a form regarding Mr. Chandra which Plaintiff had never received from Ms. Williams.  Plaintiff then objected to meeting with Ms. Williams alone without a member of senior management and Ms. Williams accused him of being disrespectful.  Mike Wagner and Paul Wurzel then placed Plaintiff on administrative leave.  Mr. Wagner claimed that the administrative leave was for Mr. Nantambu's protection and stated that "we are going to bring you back after we complete our investigation."  Plaintiff was then escorted from the building by security.  On October 18, 2012, Ms. Williams and Douglas Pore terminated Plaintiff by phone.

**FIRST CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against Defendant Office Depot and Does One through Fifty)**

11.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 11 above.

12.    Plaintiff alleges that being placed on administrative leave and investigated was an adverse employment action in violation of public policy because those acts were, and were designed to be, reasonably likely to deter him from engaging in protected activity.

13.    Plaintiff alleges that his termination was wrongful because it was in violation of the public policy of the State of California and the United States in that Plaintiff's termination was in retaliation for, and was, and was designed to be, reasonably likely to deter him from engaging in protected activity, including Plaintiff's opposing and reporting an unsafe work environment, as described in preceding allegations.

14.    Plaintiff further alleges that the termination of Plaintiff by Defendant and Does One through Fifty, and each of them, was in violation of the public policy as expressed in State of California and Federal laws and regulations governing Occupational Health and Safety, including but not limited to Labor Code § 6310.

15.    As a direct, foreseeable, and proximate result of the wrongful termination of Plaintiff by Defendant and Does One through Fifty, and each of them, in violation of the public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage, in excess of $500,000, the precise amount of which will be proven at trial.

16.    WHEREFORE, Plaintiff demands judgment against Defendant and Does One through Fifty, and each of them, as set forth in this Complaint.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1     For monetary damages against Defendants, and each of them, in an amount sufficient to compensate Plaintiff for loss of income, loss of benefits, loss of use, for emotional distress, and for the injury and damage that Defendants have caused to Plaintiff's name and reputation;

2     For punitive damages against Defendants in an amount sufficient to deter them from engaging in similar misconduct toward other employees, and to make an example of them to others who may otherwise be inclined to engage in such wrongful conduct;

3     For costs of suit incurred herein, including Plaintiff's reasonable attorneys' fees, expert witness expenses and fees, and other costs and expenses that Plaintiff has been forced to incur to prosecute this action under all applicable statutory or contractual bases;

4     For injunctive relief, as the Court may deem proper.

5     For such other, further relief as the Court may deem proper.

Dated: March 3, 2014

                              STEPHEN F. HENRY, ESQ.

                              By: /s/Stephen F. Henry_____
                              STEPHEN F. HENRY
                              Attorney for Plaintiff

        Plaintiff demands trial by jury in this action.

Dated: March 3, 2014

                              STEPHEN F. HENRY, ESQ.


                              By: /s/Stephen F. Henry_____
                              STEPHEN F. HENRY
                              Attorney for Plaintiff